READ v. McPHERSON.

1. ELECTIONS—STICKER BALLOTS—''OPPOSITE'' NAME OF OFFICE—STATUTES.

Where ballot in township election contained full Republican ticket, but Democratic ticket contained no candidate for supervisor, slip containing name of independent candidate for supervisor pasted squarely over name of candidate for clerk on Democratic ticket, with cross in square before name directly opposite office of clerk, should not be counted as vote for independent candidate (1 Comp. Laws 1929, § 3111).

2. SAME—MARKING BALLOT.

  Where ballot contained cross in circle at top of Republican ticket, and slip containing name of independent candidate for supervisor was pasted in place where name of Democratic candidate for said office should appear, but no mark was made on slip, ballot should be counted as vote for Republican candidate for supervisor.

Appeal from Kent; Vanderwerp (John), J., presiding. Submitted October 7, 1931. (Docket No. 41, Calendar No. 36,011.) Decided October 22, 1931.

*Quo warranto* by Percy J. Read to test right of Nellie N. McPherson to hold the office of supervisor of Vergennes township. Judgment of ouster. Defendant appeals. Reversed.

*Cornelius Hoffius,* for plaintiff.

*Linsey, Shivel & Phelps (John H. VanderWal,* of counsel), for defendant.

CLARK, J. At the spring election of 1931 in Vergennes township, Kent county, there were two tickets on the ballot, Republican ticket, Democratic ticket. On the Republican ticket, defendant Nellie N. McPherson was the candidate for supervisor. The Democratic ticket, otherwise complete, had no candidate for that office.

Plaintiff ran for supervisor on slips reading "for supervisor Percy J. Read."

Defendant was declared elected and took the office. Plaintiff brought *quo warranto.* Of the unquestioned ballots there were 181 for plaintiff and 190 for defendant. Of the 43 questioned ballots, 14 were counted for plaintiff and 4 for defendant, and the court found the election of plaintiff by a vote of 195 to 194 and gave judgment accordingly.

We discuss but two of appellant's assignments of error.

Exhibit 33 is a ballot on which the slip is pasted squarely over the name of the candidate for clerk on the Democratic ticket and there is a cross in the square before the name which is directly opposite the office of clerk as designated on the ballot. Appellee argues that this was properly counted for plaintiff as affixing the slip to the ballot, as stated, shows clearly the voter's intent. On this argument the slip would likewise be counted if placed opposite "constable" or any other designated office, or perhaps if placed anywhere on the face of the ballot. The statute, 1 Comp. Laws 1929, § 3111, requires the slip to be placed opposite the name of the office. The limit of liberality was reached in *Jonkman, ex rel. Shaw,* v. *Striplin, ante,* 215, where we approved slips placed substantially opposite the designated office or more nearly opposite that office than any other. This ballot ought not to have been counted for plaintiff.

Exhibit 34 is a ballot on which there is a cross in the circle at the top of the Republican ticket and plaintiff's slip is pasted in the blank space (which would have been occupied by the name of a Democratic candidate for supervisor had one been named) at the top of the Democratic ticket and opposite the designated office of supervisor. There is no mark in the square before the slip. This ballot was not counted for either candidate. It should have been counted for defendant. This results in a total vote for plaintiff of 194 and a total vote for defendant of 195 and in the election of defendant.

Appellant's remaining assignments are therefore unnecessary to decision and are passed. *Christopherson* v. *Common Council of Manistee,* 117 Mich. 125.

Plaintiff has not appealed and has not assigned error, but it may be added that a review of the whole matter, a count of all ballots, would not change the result.

Reversed with costs, and remanded for judgment in favor of defendant.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.